## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VERNICE LOCKHART JAMES,
         Appellant,

v.

SOCIAL SECURITY
   ADMINISTRATION,
         Agency.

DOCKET NUMBER
AT-3443-14-0870-I-1

DATE: February 11, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vernice Lockhart James</u>, Columbia, South Carolina, pro se.

<u>Ealy Ko</u>, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this appeal of her nonselection for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a Senior Case Technician in the agency's Office of Disability Adjudication and Review, filed this appeal of her nonselection to the position of Lead Legal Assistant. Initial Appeal File (IAF), Tabs 1-2. The administrative judge informed the appellant that the Board generally lacks jurisdiction over nonselections except under certain circumstances involving veterans and in reprisal for protected whistleblowing. IAF, Tab 3 at 2. In her response, the appellant asserted that the agency retaliated against her and that a chief administrative law judge where she worked slandered her in reprisal for protected whistleblowing activity involving the allegedly fraudulent use of Vocational Experts in agency hearings. IAF, Tabs 7-8. The appellant also alleged that the agency denied her the opportunity to become part of the Training Cadre for her office, to participate in the GEAR program (which she fails to identify), and to become an equal employment opportunity (EEO) counselor. *Id.*

¶3      The agency moved to dismiss the appeal because the appellant failed to demonstrate that she exhausted her whistleblowing claims before the Office of Special Counsel (OSC) and failed to nonfrivolously allege that she made a protected disclosure that was a contributing factor in the personnel actions at

issue. IAF, Tab 10. Without holding the hearing the appellant requested, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to demonstrate that she exhausted her administrative remedies before OSC.[2] IAF, Tab 11, Initial Decision (ID).

¶4     In her petition for review, the appellant states that the agency denied her use of official time to prepare her responses and she argues the merits of her appeal. Petition for Review (PFR) File, Tab 1 at 2-3. Although she claimed therein that she raised the actions that she describes before OSC, she provided no evidence in support. *Id.* at 3-4. The agency responded in opposition. PFR File, Tab 3. With her reply to the agency's response, the appellant provides, among other documents, four separate submissions that she made to OSC, one of which she submitted with her appeal below, and all of which date from well before the close of the record in this matter. PFR File, Tabs 4-5; 5 C.F.R. § 1201.58.

---

[2] The administrative judge noted that, if the appellant sought corrective action from OSC, she could file another Board appeal within the appropriate time limits. ID at 2 n.2. Although the appellant does not raise the issue on review, to the extent that the administrative judge's jurisdictional order, IAF, Tab 3, failed to apprise the appellant of exactly how to establish jurisdiction over her whistleblowing defense, this deficiency was cured by the agency's motion to dismiss, IAF, Tab 10, and the initial decision itself, ID at 3, such that the appellant was on notice as to what she must do to address her whistleblowing claim on petition for review. *See, e.g.*, *Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶ 9 (2004) (finding that the appellant received an opportunity to meet his jurisdictional burden on petition for review because the initial decision itself provided notice as to what he must have done to establish jurisdiction); *Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996) (determining that an administrative judge's failure to provide an appellant with proper jurisdictional notice was cured by the agency's pleadings). We also note that, as opposed to her actions in the instant matter, the appellant previously filed an individual right of action (IRA) appeal in which she diligently attempted to demonstrate exhaustion of her administrative remedies before OSC, filing a copy of her initial complaint to OSC, as well as a copy of OSC's closure letter. *James v. Social Security Administration*, MSPB Docket No. AT-1221-13-0041-W-2, Initial Decision (Jan. 15, 2014). That decision, which dismissed the appellant's prior IRA appeal for lack of jurisdiction, *id.*, became the Board's final decision when neither party filed a petition for review, *see* 5 C.F.R. § 1201.113.

¶5          Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. The appellant offers no explanation for why she failed to submit these documents in her appeal below despite the fact the documents reflect that she submitted each one to OSC long before the record closed.  PFR File, Tabs 4-5; 5 C.F.R. § 1201.58.  Nevertheless, the Board may consider such evidence if it implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision.  *See, e.g.*, *Schoenig v Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013).

¶6          In this case, the appellant's evidence is not sufficient to warrant a different outcome.  First of all, none of the documents that the appellant filed with OSC mention her nonselection for the Lead Legal Assistant position.  *See* PFR File, Tab 5.  Thus, the appellant clearly did not exhaust her administrative remedies before OSC for that personnel action.  Moreover, the appellant provided evidence below that she filed a grievance involving her nonselection for the Lead Legal Assistant position.  IAF, Tab 2.  As noted above, the appellant's nonselection is not an appealable action under chapter 43 or chapter 75, and the appellant's election under 5 U.S.C. § 7121(g) to first pursue a union grievance for such an action precludes her from bringing a whistleblower claim regarding this matter. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16, & n.6 (2013).

¶7          With regard to the agency denying the appellant an opportunity to become a part of the Training Cadre for her office, she alleged in OSC Complaint MA-11-2556 that an agency attorney who had "very little knowledge" of the agency's operations was "promoted up the ranks when she could not do the job that she was hired to do" while the chief administrative law judge who assisted that attorney with her advancement had, by contrast, "bad mouth[ed]" the appellant. PFR File, Tab 5 at 16.  The appellant does not claim, nor is there any evidence to

indicate, that OSC has closed its file on this matter.[3] Moreover, the appellant makes exceptionally broad statements and makes comparisons between selections for completely different positions in concluding that the agency retaliated against her. Ultimately on this claim, as well as her claims regarding the agency's GEAR program and her application to become an EEO counselor, the appellant identifies no connection whatsoever between her alleged whistleblowing activity and the agency's actions. Consequently, in addition to her failure to establish that she exhausted her administrative remedies before OSC, she also has failed to nonfrivolously allege that she made a protected disclosure or that such a disclosure was a contributing factor to any of the personnel actions that she identified. Thus, we find that the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] Under 5 U.S.C. § 1214(a)(3)(A), an individual may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her. Alternatively, an employee may file an IRA appeal with the Board 120 days after seeking corrective action from OSC, if the individual has not received notification from OSC that it shall seek corrective action on the individual's behalf. 5 U.S.C. § 1214(a)(3)(B). The appellant's failure to address her OSC submissions precludes analysis of the issue.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.